John D. Bennett, S.
This is a motion to reapportion the estate taxes charged to the charitable remaindermen of the residuary trust. Since there is an excess gift to charity which will eventually inure to the benefit of an individual remainder-man, the charities urge that the individual’s interest in the remainder should bear the brunt of the taxes attributable to the life estate.
While the court indicated that the permissible gift to charity has been exceeded by $17,111.51 the actual figure, because of a change in the final amount of taxes paid, is $17,460.50.
The son of the testator will, therefore, be entitled to receive at the termination of the trust that portion of the trust corpus which the present value of the excess ($17,460.50) bears to the present value of the residuary trust ($289,777.72), or 6.025% thereof. The charitable remaindermen will be entitled to the balance of the corpus.
The question of the apportionment of taxes in a trust where charitable remaindermen have been charged with a portion of the estate taxes attributable to the life estate was considered in Matter of Dettmer (179 Misc. 844).
The movant, one of the four charitable remaindermen which share equally in the corpus, proposes that the only taxable portion of the charitable bequest is the difference between the statutory permissible gift to charity and the charitable deductions. This, however," gives no consideration to the fact that the charities will eventually, in fact, become heir presumably to a much greater fund (93.975% of the trust assets at its termination) and not only a remainder interest discounted by a life estate.
Using the formula in Matter of Dettmer (supra), the taxes apportionable to the charities represent a fraction of the taxes attributable to the residuary trust, the numerator of which is the present amount the charities would receive if the trust had terminated less the charitable deduction. -In the Federal estate tax proceeding this would be $272,317.22 ($289,777.72 minus $17,460.50) less $166,338 or $105,979.22. The denominator is the total residuary less the charitable deduction: $289,777.72 less $166,338 or $123,439.72. The resultant percentage of the Federal tax apportionable against the charities is 85.855% of $14,504.94, and the individual remainderman must pay the balance.
Using the New York estate tax figures, the charities must pay 85.038% of the tax attributable to the residuary trust ($3,093.96) and the individual remainderman must pay the balance.
*146 The motion is granted to the extent above indicated and otherwise denied. A supplemental schedule apportioning the taxes should be filed.
Settle order on five days’ notice, with three additional days if service is made by mail.